**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12-cv-7926 |
| STEPHEN T. WALTOWER, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *pro se* petitioner Stephen T. Waltower's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Waltower's Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Background**

On September 7, 2007, Chicago police officers executed a search warrant at the apartment of Kimesia Gooden, petitioner Stephen Waltower's then-girlfriend. Waltower also lived in the apartment. Waltower was not present during the search, but Ms. Gooden was on the porch when the police arrived. Police Officer Chad Bauman searched the bedroom and recovered the following items: a loaded Glock Model 19, 9-millimeter caliber semi-automatic pistol, serial number GHP 572, with nine rounds of 9-millimeter caliber bullets that was manufactured outside of the State of Illinois that was found under the mattress; 222 plastic baggies containing a total of 48.78 grams of cocaine base in the form of crack cocaine that were found in a male's athletic shoe and in the pockets of a jacket in the closet; 37 rounds of various types of ammunition were found in a small bag in the closet; a "drug ledger" and 11 documents and pieces of mail with Waltower's name were found on the dresser; and a scale and grinder that were found inside a

dresser drawer. Sergeant John Lucid, who also participated in the search of the bedroom found $640 in United States currency in the pocket of a jacket.

Waltower did not return to the residence after the search, which he learned about from Ms. Gooden. Ms. Gooden testified that she told Waltower that the police had found his gun. She also testified that during a later conversation with Waltower about the search, he asked her to tell the police that the gun was hers because of her lack of criminal history and that Waltower would take responsibility for the drugs.

Police arrested Waltower on unrelated charges approximately one month after the search. Officers Bauman and Greenwood interviewed Waltower about the items recovered by the police in the search. Officer Greenwood advised Waltower of his *Miranda* rights and testified that Waltower voluntarily spoke with the officers. When Officer Greenwood asked Waltower about the gun, he told the officer that he purchased the gun for $300 or $400 from someone named Jeff, who also went by "Joe" and resided in the 600 block of North Lawler in Chicago. Waltower also claimed that he was holding the drugs that the police recovered for someone else.

A federal grand jury returned a three-count indictment followed by a superseding indictment charging Waltower with possession with intent to distribute 50 grams or more of cocaine base in the form of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count II); and being a felon in possession of a firearm in violation of U.S.C. § 922(g)(1) (Count III).

On April 16, 2008, Waltower moved to suppress items recovered by the Chicago Police Department in the search of an apartment, pursuant to a warrant, arguing that the warrant was not supported by probable cause. The district court denied Waltower's suppression motion on June

1, 2009. Waltower proceeded to trial on the charges in the second superseding indictment: conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base in the form of crack cocaine and a detectable amount of heroin in violation of 21 U.S.C. § 846 (Count I); possession with intent to distribute 5 grams or more of cocaine base in the form of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count III); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV). On June 10, 2009, the jury found Waltower guilty of Count Four (felon in possession) and acquitted him of the remaining counts.

In preparation for sentencing, the United States Probation Office ("USPO") submitted a Presentence Investigation Report (PSR). After sentencing the USPO prepared a corrected PSR to reflect a correction to Waltower's criminal history category calculation. Relying on the November 2008 Guidelines Manual, the USPO calculated Waltower's adjusted offense level as 30 and his criminal history category as III. Based on the calculations, the advisory Guidelines range was 121 to 151 months' imprisonment. However, because the statutory-maximum sentence for the offense of conviction was 10 years, pursuant to 18 U.S.C. § 924(a)(2), the USPO determined that the advisory Guidelines range was limited to 120 months.

On November 8, 2009, Waltower's counsel filed a sentencing memorandum in which he challenged, among other things, the USPO's four-level enhancement under Guideline § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense, arguing that Waltower was acquitted of the narcotics-related offenses, and that the testimony of Ms. Gooden regarding petitioner's drug trafficking should not be credited by the district court. The memorandum also contained arguments for a sentence five years below the maximum ten years'

imprisonment based on: (1) his period of incarceration for four months when he faced identical charges by the State; (2) his conduct while on home confinement; (3) his request that his bond be revoked before his sentencing date so that he could begin serving his term of incarceration; (4) his lifelong struggle with substance abuse; (5) his upbringing surrounded by gangs and drugs; and (6) his rapport with defense counsel.

On November 12, 2009, the district court held a sentencing hearing. Waltower's counsel reiterated his challenge to the four-level enhancement under § 2K2.1(b)(6). The court rejected the argument and adopted the USPO's calculations, finding that Waltower's advisory range was 121 to 151 months, limited by statute to 120 months. The court sentenced Waltower to 120 months' imprisonment. Waltower appealed his sentence, arguing that the district court erred in relying on acquitted conduct to calculate his guideline range and imposing his sentence. Waltower also argued that his trial counsel should have moved to suppress his post-arrest statements and the district court should not have admitted the statements. The Seventh Circuit Court of Appeals affirmed his conviction in *U.S. v. Waltower,* 643 F.3d 572 (7th Cir. 2011), but left Waltower's argument regarding the post-arrest statements for collateral review.

In his *pro se* Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, Waltower makes three arguments for relief from his sentence: (1) he claims his trial counsel was ineffective for failing to move to suppress Waltower's post-arrest statements to Chicago police officers regarding the gun and narcotics retrieved in the search; (2) he claims his trial counsel was ineffective because he did not argue the factors that would allow the court to sentence him below the guideline; and (3) he claims that the district court improperly relied on acquitted conduct in calculating his sentencing range.

**Legal Standard**

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Section 2255 relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255).

**Discussion**

This Court will first address Waltower's ineffective assistance of trial counsel claims. To prevail, Waltower must demonstrate that his that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court's "review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States,* 648 F.3d 524, 527-28 (7th Cir. 2011). To establish prejudice, Waltower must show that his trial counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland,* 466 U.S. at 687, 693).

Waltower first argues that his trial counsel was ineffective for failing to move to suppress his post-arrest statements to police officers regarding the gun and the drugs recovered in the search of the apartment he shared with Ms. Gooden. Although his trial counsel did not file a

motion to suppress, he did request leave of court to file such a motion in addition to a motion to suppress the items recovered in the search. Ultimately, trial counsel must have changed his strategy because he did not file a motion to suppress the statements despite filing a motion to suppress the items in the search. The record demonstrates that Officer Greenwood, who interviewed Waltower following his arrest, testified that he administered *Miranda* warnings and that Waltower indicated he understood his rights and voluntarily spoke with him and Officer Bauman. The trial record also indicates that Waltower's counsel vigorously and extensively cross-examined Officer Greenwood about the interview, the voluntariness of the statements, and whether he did in fact give Waltower *Miranda* warnings. It is therefore likely that the trial court would have denied a motion to suppress the statements had one been filed. Waltower provides no basis in his argument for the suppression of the statements. The likelihood of prevailing on a motion is directly relevant to the question of whether the failure to make the motion constitutes ineffective assistance of counsel. *United States v. Madewell,* 917 F.2d 301, 304 (7th Cir. 1990). This Court therefore finds that the record shows trial counsel did not act unreasonably by opting to challenge Officer Greenwood's post-arrest interview with Waltower through cross-examination rather than a motion to suppress that likely would have failed.

Next, Waltower argues that his trial counsel was ineffective for failing to argue the 18 U.S.C. § 3553(a) factors at sentencing. This argument however is contradicted by the record. Counsel filed a sentencing memorandum in which he challenged the PSR and devoted most of the memorandum to Waltower's personal characteristics and history that counsel believed warranted a sentence well below the guideline range. The memorandum specifically addresses Waltower's lifelong battle with substance abuse, his difficult upbringing surrounded by gangs and drugs, his personal rapport with counsel, and his cooperative behavior while on home

confinement. Therefore, the record conclusively demonstrates that counsel did what Waltower claims he failed to do and this basis for relief fails. *See Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir. 1990).

Waltower's third argument for relief is that the district court improperly relied on conduct for which he was acquitted when calculating the guidelines range and imposing his sentence. This issue was already addressed on direct appeal and rejected by the Seventh Circuit. A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley,* 523 U.S. at 621 (relief under 2255 "will not be allowed to do service for an appeal"); *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (A section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal."). Moreover, the United States Supreme Court has held that a sentencing court may consider conduct for which a defendant has been acquitted, as long as the court finds that conduct was proved by a preponderance of the evidence. *United States v. Watts,* 519 U.S. 148, 152-55, 136 L. Ed. 2d 554, 117 S. Ct. 633 (1997). The Seventh Circuit has repeatedly held that *Watts* remains good law after *United States v. Booker*, 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). *Waltower,* 643 F.3d at 576; *United States v. Hurn,* 496 F.3d 784, 788 (7th Cir. 2007); *United States v. Horne,* 474 F.3d 1004, 1006 (7th Cir. 2007).

Because the motion, files, and records of this case conclusively establish that Waltower is not entitled to any relief under Section 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Yu Tian Li,* 648 F.3d at 532; *Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

Under 28 U.S.C. § 2253(c)(2), a petitioner must request a certificate of appealability because he does not have the absolute right to appeal a district court's denial of

his Section 2255 motion. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154

L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a

substantial showing of the denial of a constitutional right. *See id.* at 336. In order to make such a

showing, Waltower must demonstrate that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (quoting *Slack

v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Waltower fails to

show that reasonable jurists would debate that his petition should be resolved differently.

Accordingly, this Court declines to certify any issues for appeal.

**CONCLUSION**

For the reasons stated herein, this Court denies Waltower's Motion to Vacate, Set Aside,

or Correct his Sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal

pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date:  October 7, 2013

Entered: _____

U.S. District Judge